# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

| Case No. | CV 10-736 DSF (RZx) | Date | 6/14/10 |
|---|---|---|---|
| Title | Jesse Allen Mann v. HSBC Bank USA, N.A., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order REMANDING Action to the Superior Court of California, Riverside County for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A defendant may remove an action filed in state court to federal court if the federal court could exercise subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Even so, "[t]he removal statute is strictly construed against removal jurisdiction" and "[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing the Court has subject matter jurisdiction, the suit is remanded back to state court. 28 U.S.C. § 1447(c).

Here, Defendant HSBC Bank U.S.A., N.A. claims the Court has subject matter jurisdiction under 28 U.S.C. § 1332, otherwise known as diversity jurisdiction. (Docket No. 1 ("Notice of Removal").) Subject matter jurisdiction based on diversity requires complete diversity of citizenship between the parties, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a).

Defendant did not establish that the Court has diversity jurisdiction over this case because it failed to allege Plaintiff's and its own citizenship. A national banking association "is a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006). Although HSBC alleges its principal place of business is in Virginia, (Notice of Removal ¶ 9), it does not state where its main office is located as set forth in its articles of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

association.  An individual is a citizen of a state when it is (1) a citizen of the United States and (2) domiciled in the state.  <u>Kantor v. Wellesley Galleries, Ltd.</u>, 704 F.2d 1088, 1090 (9th Cir. 2001).  Domicile means residency with the intent to remain.  <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).  The Complaint and Notice of Removal only allege Plaintiff's residency; they are silent about his domicile.  (Compl. ¶ 1; Notice of Removal ¶ 8.)

Because HSBC failed to show there is complete diversity between the parties, the Court REMANDS the action to the Superior Court of California, County of Riverside.

IT IS SO ORDERED.